IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| GINA C. PRITCHETT, ) | |
| ) | |
| Plaintiff, ) | No. 9:19-cv-1070-DCN-BM |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| ANDREW SAUL, Commissioner of Social ) | |
| Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court on Magistrate Judge Bristow Marchant's Report and Recommendation ("R&R"), ECF No. 14, that the court affirm Commissioner of Social Security Andrew Saul's (the "Commissioner") decision denying Gina C. Pritchett's ("Pritchett") application for disability insurance benefits ("DIB") under the Social Security Act (the "Act"). Pritchett filed objections to the R&R, ECF No. 15. For the reasons discussed below, the court adopts the R&R and affirms the decision of the Commissioner.

## I. BACKGROUND

### A. Procedural History

Pritchett filed an application for DIB on June 7, 2016, alleging a disability onset date of June 1, 2005. Pritchett's coverage under the Act expired on September 30, 2009 ("date of last insured"), meaning that Pritchett must establish that she was "disabled" within the meaning of the Act on or before that date to be entitled to DIB. The Social Security Administration (the "Agency") denied Pritchett's application initially and on reconsideration. Pritchett requested a hearing before an administrative law judge

1

("ALJ"), and ALJ Gerald J. Hill presided over a hearing held on September 21, 2017. At the hearing, Pritchett amended her disability onset date to January 31, 2007. In a decision issued on March 19, 2018, the ALJ determined that Pritchett was not disabled within the meaning of the Act through her date of last insured. Pritchett requested Appeals Council review of the ALJ's determination, and on February 12, 2019, the Appeals Council denied further review, making the ALJ's decision the final decision of the Commissioner.

On April 11, 2019, Pritchett filed an action with this court, seeking review of the ALJ's decision. ECF No. 1. Pursuant to 28 U.S.C. § 636 and Local Civ. Rule 73.02(B)(2)(a) (D.S.C.), the matter was assigned to Magistrate Judge Marchant, who issued an R&R on March 5, 2020, recommending that this court affirm the ALJ's decision. ECF No. 14. Pritchett filed objections to the R&R on March 19, 2020, ECF No. 15, and the Commissioner responded to the objections on March 30, 2020, ECF No. 17. The matter is now ripe for the court's review.

**B. Medical History**

The parties are familiar with Pritchett's medical history, the facts of which are ably recited by the R&R. Therefore, the court dispenses with a lengthy recitation thereof and instead briefly recounts those facts material to its review of Pritchett's objections to the R&R. Pritchett alleges that she suffers from several impairing conditions including obesity, problems with her back, spine, and knees, post-traumatic stress disorder ("PTSD"), panic disorder, major depressive disorder, fibromyalgia, and migraine headaches. Pritchett served in the Air Force from 1991 to 1995. Pritchett reports that in 1992, in an incident unrelated to her military service, she was assaulted by a group of men in a restaurant parking lot. According to Pritchett, this incident is the source of her

PTSD.  In September of 2008, Pritchett obtained a bachelor's degree in fine arts, graduating with a 3.5 GPA.  Pritchett has past relevant work experience as a salesperson.

### C.  The ALJ's Decision

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505.  The Social Security regulations establish a five-step sequential evaluation process to determine whether a claimant is disabled.  See 20 C.F.R. §§ 404.1520, 416.920.  Under this process, the ALJ must determine whether the claimant:  (1) is currently engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment which equals an impairment contained in 20 C.F.R. § 404, Subpt. P, App'x 1, which warrants a finding of disability without considering vocational factors; (4) if not, whether the claimant has an impairment which prevents him or her from performing past relevant work; and (5) if so, whether the claimant is able to perform other work considering both his or her remaining physical and mental capacities (defined by his or her residual functional capacity) and his or her vocational capabilities (age, education, and past work experience) to adjust to a new job.  See 20 C.F.R. § 404.1520; Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981).  The applicant bears the burden of proof during the first four steps of the inquiry, while the burden shifts to the Commissioner for the final step.  Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citing Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992)).  "If an applicant's claim fails

3

at any step of the [sequential evaluation] process, the ALJ need not advance to the subsequent steps." Id. (citing Hunter, 993 F.2d at 35).

To determine whether Pritchett was disabled at any point between her alleged onset date of January 31, 2007 and her date of last insured, September 30, 2009, the ALJ employed the statutorily required five-step evaluation process. At step one, the ALJ found that Pritchett did not engage in substantial gainful employment during the period between her alleged onset date and date of last insured. Tr. 23. At step two, the ALJ determined that Pritchett suffered from the severe impairments of "obesity; loss of normal lordotic curvature of the spine with reversal; degenerative changes of the knees; posttraumatic stress disorder [ ]; panic disorder; [and] major depressive disorder." Id. Relevant to the objections, the ALJ did not list fibromyalgia or migraine headaches as severe impairments from which Pritchett suffered. In his discussion of severe impairments, the ALJ noted that while Pritchett's medical record included a mention of "probable" fibromyalgia, that note was authored by "a non-acceptable medical source" and did not "present the requisite criterion for establishing fibromyalgia" as a severe impairment. Tr. 24.

At step three, the ALJ found that Pritchett's impairments or combination thereof did not meet or medically equal one of the impairments listed in the Agency's Listing of Impairments. Id. Before reaching the fourth step, the ALJ determined that Pritchett retained the residual functional capacity ("RFC") to "perform light work as defined in 20 CFR [§] 404.1567(b) and was able to tolerate superficial contact with the public that did not involve customer service." Tr. 25. At the fourth step, the ALJ found that Pritchett, through her date of last insured, "was unable to perform any past relevant work." Tr. 29.

However, at step five, the ALJ determined that, based on Pritchett's RFC, "there were jobs that existed in significant numbers in the national economy that [she] could have performed[.]" Tr. 30. Therefore, the ALJ concluded that Pritchett was not disabled under the meaning of the Act during the period at issue. Tr. 31.

## II.  STANDARD

This court is charged with conducting a de novo review of any portion of the Magistrate Judge's R&R to which specific, written objections are made. 28 U.S.C. § 636(b)(1). A party's failure to object is accepted as agreement with the conclusions of the Magistrate Judge. See Thomas v. Arn, 474 U.S. 140, 149-50 (1985). The recommendation of the Magistrate Judge carries no presumptive weight, and the responsibility to make a final determination rests with this court. Mathews v. Weber, 423 U.S. 261, 270-71 (1976). However, de novo review is unnecessary when a party makes general and conclusory objections without directing a court's attention to a specific error in the Magistrate Judge's proposed findings. Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a specific objection, the court reviews the R&R only for clear error. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (citation omitted).

Judicial review of the Commissioner's final decision regarding disability benefits "is limited to determining whether the findings of the [Commissioner] are supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial

evidence.'" Id. (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)). "[I]t is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the [Commissioner] if his decision is supported by substantial evidence." Id. Where conflicting evidence "allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]," not on the reviewing court. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal citation omitted). Although the court will not reweigh the evidence considered, the Commissioner's findings of fact are not binding where they are based on an improper legal standard. Coffman v. Bowen, 829 F.2d 514, 519 (4th Cir. 1987). While the district court's role is limited, "it does not follow . . . that the findings of the administrative agency are to be mechanically accepted. The statutorily granted review contemplates more than an uncritical rubber stamping of the administrative action." Flack v. Cohen, 413 F.2d 278, 279 (4th Cir. 1969).

### III.   DISCUSSION

As her objections to the R&R, Pritchett has filed a two-page document that lists generalized grievances with the findings of the ALJ and the Magistrate Judge. From that document, the court discerns only two specific objections. First, Pritchett argues that Magistrate Judge erred in "doubt[ing] that [Pritchett] suffers from fibromyalgia." ECF No. 15 at 1. Second, Pritchett states that "the ALJ and the Magistrate [Judge] are reluctant to believe" that Pritchett suffers from migraine headaches. Id. at 2. While her objections do not point to any specific error of the R&R, the court takes these objections to mean that the Magistrate Judge erred in finding that the ALJ's step-two determination was supported by the substantial evidence. Specifically, Pritchett complains of the ALJ's

step-two finding that she did not suffer from the "severe impairments" of fibromyalgia and migraine headaches. The court agrees with the Magistrate Judge that the ALJ's step-two findings are supported by the substantial evidence.

With respect to the ALJ's step-two determination that Pritchett did not suffer from fibromyalgia, the Magistrate Judge found that:

> Contrary to Plaintiff's argument that the ALJ did not consider her fibromyalgia, the ALJ specifically acknowledged Plaintiff's allegation that fibromyalgia limited her ability to work, discussed the applicable medical records, found that the record did not present the requisite criterion for establishing fibromyalgia pursuant to SSR 12-2p (including that clinical examinations did not show the requisite number of tender points), and noted that no acceptable medical source diagnosed fibromyalgia after ruling out other conditions that could have caused symptoms. In doing so, the ALJ also specifically noted that the 2004 diagnosis was only for "probable" fibromyalgia, and was in any event made by a non-acceptable source.

ECF No. 14 at 9 (internal citation omitted). Social Security Ruling 12-2p provides "guidance on how we develop evidence to establish that a person has a medically determinable impairment of fibromyalgia, and how we evaluate fibromyalgia in disability claims . . . ." SSR 12-2p. The ALJ complied with that guidance in his decision, finding that because Pritchett's "probable" diagnosis was not made by "a medically acceptable source" and was not supported by clinical examination evidence, the "diagnosis" did not satisfy SSR 12-2p. Tr. 24. Therefore, "in the absence of the necessary evidence," the ALJ found that fibromyalgia "was not a medically determinable impairment during the period at issue." Id.

Although Pritchett does not specifically argue that the ALJ's determination is not supported by substantial evidence, she points to medical records from 2008 as evidence that she does in fact suffer from fibromyalgia. Indeed, some notes from medical appointments in 2008 list fibromyalgia as an "active problem" of Pritchett's. Tr. 1154,

1157, 1159.  Unfortunately, those medical records suffer from the same flaws as Pritchett's other evidence of fibromyalgia.  Like the 2004 record explicitly mentioned by the ALJ, the 2008 records were prepared by a registered nurse, not a "medically acceptable source" under SSR 12-2p, they are unsupported by physical examinations, and they appear to be based upon Pritchett's own complaints.  Therefore, these records fail to evidence any error on the part of the ALJ or the Magistrate Judge.[1]

With respect to the ALJ's failure to list migraine headaches as a "severe impairment", the R&R found:

> [T]he ALJ specifically considered Plaintiff's complaints of migraine headaches, noting Plaintiff's testimony concerning her migraine headaches and her general treatment of taking Excedrin and lying down in a dark room.  The ALJ also considered Dr. Liu's consultative examination and Plaintiff's examinations at the VAMC during the relevant time period that showed, notwithstanding Plaintiff's reports of incapacitating migraines, largely unremarkable neurological signs.  Therefore, Plaintiff's assertion that the ALJ failed to consider these complaints is clearly contradicted by the case record and decision.

ECF No. 14 at 9–10 (internal citations omitted).  Pritchett fails to specifically explain how the R&R erred and instead merely contends that "the ALJ fail[ed] to give credence to [Pritchett's] allegations of migraines" and that both "the ALJ and the Magistrate [Judge] are reluctant to believe" that Pritchett suffers from migraines.  Pritchett misunderstands the nature of the court's role in her case.

---

[1] Pritchett has also presented additional medical records from 2009 that list fibromyalgia as one of Pritchett's "active medical problems."  ECF No. 15-2 at 19.  These medical records are not in the record before the court; instead, Pritchett has attached them to her objections.  The court need not determine whether it can consider this evidence because the form was filled out by Pritchett herself, meaning that it suffers from the same flaws as the evidence discussed above.

The court's review of an ALJ's determination is limited to two inquires: whether the ALJ applied the correct law and whether the ALJ's determination is supported by the substantial evidence. See Hays, 907 F.2d at 1456. Pritchett's arguments apply to neither. Instead, Pritchett asks the court to reweigh the evidence and conclude that the ALJ should have "given credence" to her claims that she suffers from fibromyalgia and migraine headaches. Pritchett points to no error of law committed by the ALJ or the Magistrate Judge and fails to argue that the ALJ's determination was not supported by the substantial evidence. Instead, she asks the court to "reweigh the evidence" and consider anew whether she suffers from the severe impairments of fibromyalgia and migraine headaches. Such a request is beyond the scope of the court's authority. Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) ("In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [ALJ]."). The court finds that the ALJ, like the Magistrate Judge, applied the correct law and that the ALJ's step-two determination is supported by the substantial evidence.[2]

---

[2] Pritchett includes an additional general objection that fails to identify a specific reviewable error: "The AlJ relies heavily up [Pritchett]'s completion of a B.A. degree in fin arts. [Pritchett], however, was unable to go on and complete her Master's in order to teach art in a school." ECF No. 15 at 2. The ALJ relied on Pritchett's B.A. in fine arts as evidence that Pritchett could perform "light work", not as evidence that she could perform work as a teacher. Tr. 26. The court fails to see any error.

## IV.   CONCLUSION

For the foregoing reasons the court **ADOPTS** the R&R and **AFFIRMS** the final decision of the Commissioner.

**AND IT IS SO ORDERED.**

DAVID C. NORTON
UNITED STATES DISTRICT JUDGE

**September 2, 2020**
**Charleston, South Carolina**

10